FILED

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

2005 MAR 11  P 2: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## AMENDED
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241
## BY A PERSON IN FEDERAL CUSTODY

CARMEN SALIMA YRIGOYEN #58400-004 Petitioner,
Full Name and Prisoner Number

Case No. 3:05cv443(JCH)
(To be supplied by the Court)

FEDERAL CORRECTIONAL INSTITUTION
Complete Prison Address (Place of Confinement)

33½ PENBROKE STATION

DANBURY, CT. 06811


v.


WILLIAM WILLINGHAM            , Respondent,
(Name of Warden, Superintendent or
authorized person having custody of petitioner)
(Do not use *et al.*)

and

KATHLEEN HAWK-SAWYER Additional Respondent.
(List additional persons having custody
of petitioner, if any)

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack __Central Distric Court of California__

   __LA, California__

2) Date judgment of conviction was entered   __Sep. 12, 2000__

3) Case number __CR:98-504 (B) BAF__

4) Type and length of sentence imposed __135 Months of imprisonment__

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?  Yes ___  No _X_

6) Nature of the offense involved (all counts) 18:1956 (H)(A)(3)(B) & (A)(2)(B)(I); CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS (COUNT 1) AND 18:1956 (A)(3)(B) & 18:2; LAUDERING OF MONETARY INSTRUMENTS (COUNTS 2-15) 18:1956 (A)(3)(B) & 18:2 LAUNDERING OF MONETARY INSTRUMENTS, AIDING AND ABETTING (COUNTS 16-23)

7) What was your plea? (check one)
   Not Guilty _x_  Guilty ___  Nolo Contendere ___

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

   __N/A__

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement _____

   __N/A__

10) Kind of trial (check one)  Jury _x_  Judge only ___

11) Did you testify at trial?  Yes _x_  No ___

## DIRECT APPEAL

12) Did you appeal from the judgment of conviction?   Yes _x_  No ___

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of

the court's opinion or order): <u>The United States Court of appeals 9th Circut in Calofornia - Denied</u>

14) If you did not appeal, explain briefly why you did not: _____

a) Did you seek permission to file a late appeal? Yes ___ No_X_

## POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?    Yes ___ No _X_

16) If your answer to 15 was "Yes," give the following information:

   a) FIRST petition, application or motion.

      1. Name of court __N/A__

      2. Nature of proceeding __N/A__

      3. Claims raised __N/A__

      4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

      5. Result __N/A__

      6. Date of result __N/A__

      7. Did you appeal the result to the federal appellate court having

c) As to any THIRD petition, application or motion, give the following information:

1. Name of court ___N/A___

2. Nature of proceeding ___N/A___

3. Claims raised ___N/A___

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

5. Result ___N/A___

6. Date of result _____

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

___N/A___

8. If you did not appeal, briefly explain why you did not _____

## CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**Claim One:** Petitioner, claims that pursuant to §3624 (b) of 18 U.S.C. SHE IS ENTITELD TO 54 DAYS GOOD TIME.

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

In every judgment and commitment order entered in federal court, the trial judge sentences the defendant to be "imprisonment for a term of whatever the guidelines demand in the particular case. Given the words in the judgment, the plain meaning of "term of imprisonment" is the period of incarceration to which the judge sentences a prisoner. Congress made its intent clear by using 54 days. Where the BOP rule only 47 days credit for each year of the sentence, after it's served. Although 85 percent rule has been universally recognized by Congress intent, the rule is not being honored by BOP.

(2) Did you seek administrative relief as to claim one? Yes _X_ No __. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

Petitioner filed her BP-8½, to her counselor. A timely BP-9 was filed to warden Mr. Willinham, FCI Danbury, Ct. Then a timely BP-10 was submitted to Northern Regional Office in Philadelphia, PA. Upon receipt of that denial, Petitioner filed her BP-11 to the Federal Bureau of Prisons in Washington DC, all being denied.

**Claim Two:** _____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

N/A

(2) Did you seek administrative relief as to claim one? Yes ___ No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

N/A

Claim Three: ___N/A___

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

N/A

(2) Did you seek administrative relief as to claim one? Yes ___ No ___. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

_____

_____

_____

18) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ___ No ___. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding:_____

_____

_____

_____

19) State briefly why you believe that the remedy provided by 28 U.S.C. § 2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention: _____

_____

_____

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____

_____
Attorney's Full Address and Telephone Number

_[signature]_
Petitioner's Original Signature

# 58400-004
Petitioner's Inmate Number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at DANBURY on 3-8-05
(Location)        (Date)

_[signature]_
Petitioner's Original Signature

9

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE DOCUMENT WAS MAILED THIS DATE __3-8-05__,
200___, TO THE FOLLOWING ADDRESSES, BY FIRST CLASS POSTAGE PREPAID U.S. MAIL
AND DEPOSITED IN THE INSTITUTION MAIL BOX THE SAME:

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

915 LAFAYETTE BLVD.

BRIDGE PORT, CT. 06604


CARMEN SALIMA YRIGOYEN/REG#58400-004

FEDERAL CORRECTIONAL INSTITUTION

33½ PENBROKE STATION

DANBURY, CT. 06811

SO SERVED,

_/s/ Carmen Salima_

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Yrigoyen, Carmen S__
     LAST NAME, FIRST, MIDDLE INITIAL    __58400-004__    __1 A__    __FCI Danbury__
                                                     REG. NO.        UNIT       INSTITUTION

**Part A—REASON FOR APPEAL**

SEE ATTACHED

__10-04-04__
DATE                                          *Carmen Salma Y*                     
                                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE

ORIGINAL: RETURN TO INMATE

                                                        GENERAL COUNSEL

**Part C—RECEIPT**
                                                        CASE NUMBER: __347699-A1__

Return to: _____
                                                        CASE NUMBER: _____

SUBJECT:    LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT       INSTITUTION

USP LVN    DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                                                                            BP-231(13)
                                                                            APRIL 1982

You quote Sentence Computation Manual, P. 1-40 & 1-41 "54 days of GCT may be earned for <u>each full year</u>... with the GCT being prorated for the last partial year." You're incorrect. 18 U.S.C. Sec. 3624 (b) states: "... up to 54 days at the end of ea. year of the prisoner's <u>term of imprisonment</u> beginning at the end of the 1st yr. of the term... (C)redit for the last year or portion of <u>term of imprisonment</u> shall be prorated and credited within the last 6 wks of the sentence." In regard to proration, the sentences are not imposed in full year increments. Applying credit to an imposed sentence does not thwart this process and proration doesn't require that GCT be calculated against time served. The proration is simply: after previous good time is credited, the last year of the term of imprisonment is subject to credit of a proportion of 54 days up to the full amount, depending on the amount of the term remaining and conduct. In <u>Ruggiano vs. Reish</u>, 3d Cir., No. 01-3703, 9/19/03, Chief Judge Edward R. Becker rejected the BOP's argument that the same words in different subsections of the Guidelines had different meanings. Judge Becker stated that the term "concurrently" as used in subsection (b) of USSG 5G1.3 includes time served, and should be given the same meaning in subsection (c). The BOP interprets "term of imprisonment" as the sentence imposed in one part of Sec. 3624 and as actual time served in the rest of Sec. 3624 (b). This system is unjust; I request my additional 7 days.

**Administrative Remedy No. 347699-A1**
**Part B - Response**

You contend the Bureau of Prisons has incorrectly calculated the amount of Good Conduct Time you may earn during your term of imprisonment.

You are serving a sentence of 135 months imposed on September 12, 2000, for an offense committed on April 10, 1997. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following. "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with . . . institutional regulations . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated . . ." The interpretation of § 3624(b) by the Bureau is contained in 28 CFR § 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." The method of calculation is set forth in Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year. As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year. Good conduct time is awarded proportionally based on actual time served in the last partial year. The Bureau has reasonably interpreted this statute to require properly awarded good conduct time to be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of the prisoner's term of imprisonment. The institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time.

Your appeal is denied.

_December 8, 2004_
Date

Harrell Watts, Administrator
National Inmate Appeals

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | YRIGOYEN, CARMEN | 58400-004 | 1-A | FCI DANBURY |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am not satisfied with my response from the warden regarding the term of imprisonment good time calculation. While Congress delegates certain tasks to the B.O.P., it by no means delegates the termination of the maximum amount of good time on a term of imprisonment. The agency does not purport to lower the maximum good time; the regulation and program statement only claim to implement the good time statute. The federal courts, not agencies, clarify ambiguous criminal statutes, and executive interpretation under Chevron, 467 U.S. 837 (1984). "is not even deserving of any persuasive effect. See Crandon, 494 U.S. at 177 (Scalia, J., concurring). Interpretation of Sect. 3624 (b) does not require any executive expertise to which the court should defer. See Dolfi, 156 F.3d at 700 ("Unlike environmental regulation or occupational safety, criminal law and the interpretation of criminal statutes is the bread and butter of the work of federal courts"). I am requesting a favorable Regional Administrative Remedy, so that I may receive my additional 7 days a year credit. Thank you.

8-20-04
DATE                                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                              _____
DATE                                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: 347699-R1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

_____     _____                      _____
USP LVN          DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

YRIGOYEN, Carmen
Reg. No. 58400-004
Appeal No. 347699-R1
Page One

---

## PART B - RESPONSE

In your appeal, you state your good conduct time (GCT) is being calculated incorrectly. You believe 18 U.S.C. § 3624(b) allows you to earn 54 days of GCT per year of your sentence as imposed. As relief, you request recalculation of your GCT.

A review of your appeal has revealed that you are serving a sentence of 135 months imposed on September 12, 2000, for offenses you committed on April 10, 1997. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following: "...[A] prisoner who is serving a term of imprisonment of more than one year other than [life], may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... credit for the last year or portion of a year of the term of imprisonment shall be prorated...." The interpretation of § 3624(b) by the Bureau in Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, Pages 1-40 and 1-41 mirrors the statute: and states: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The statute requires credit after the actual service of a year. The Bureau reasonably interpreted this part of the statute to require properly awarded 54 days GCT be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then the Bureau would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment. The institution correctly determined your eligibility for GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 23, 2004

D. SCOTT DODRILL
Regional Director

**\_ENT O\_** _____ **REQUEST FOR ADMINISTRATIVE REMEDY**
\_eau of Prisons

*Type or use ball point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Yrigoyen, Carmen J        58400-004        1A        FCI.DAnberry
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** I am not satisfied with the response that I received to the BP8½ that I filed. The 9th Circuit at least found term of imprisonment to be ambiguous when it reached it's decision. It ignored and violated four of the Supreme Courts's basic rules of statutory construction. "Term of imprisonment" means 'sentence imposed not time served.' The Supreme Court requires that the statutory terms be construed "in their context and with a view to their place in the overall statutory scheme." See Tyler vs. Cain, 533 U.S 656, 622 (2001) (quoting Davis vs. Michigan Department of Treasury, 489 U.S. 803, 809 (1989); See also Jones vs. United States, 527 U.S. 373, 389, (1999) (statutory language must be read in context); Bailey vs. United States, 516 U.S. 137, 145 (1995) (same). The federal sentencing statutes consistently use "term of imprisonment" to refer to the judge's sentence. Congress specifically used and amended the good time statutes to use the sentence imposed, not the actual tiem served, as the basis. Sen. Bid's expectation was for a prisoner to serve 85% of the sentence, not 87.2% The Supreme Court has instructed that identical words such as 'term' and 'term of imprisonment' appearing in differnt parts of the same act to have the same meaning. See Sullivan vs. Stroop, 496 U.S. 478, 484 (1990). The 9th Circuit never addressed the obvious inconsistency. The court did recognize that 'term of imprisonment' referred unambiguously to the judge's sentence in a different subsection of Sec. 3624, but refused to resolve the inconsistency. I respectfully request my additional 7 days as I am entitled.

8-13-04
DATE                                         SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See attached


RECEIVED AUG 16 2004

_____                     _____
DATE                                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

                                                    CASE NUMBER: 347699-F1

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                     RECIPIENT'S SIGNATURE (STAFF MEMBER)
DATE                                                                    BP-229(13)
USP LVN                                                                 APRIL 1982

ADMINISTRATIVE REMEDY
Yrigoyen, Carmen
Register Number 58400-004

PART B - RESPONSE (347699-F1)

This is in response to your Request for administrative remedy in which you claim you are not satisfied with the Bureau of Prisons' application of Good Conduct Time to your federal sentence based upon "time actually served" and not the "term of imprisonment." Also, you do not agree with the Ninth Circuit Court of Appeals deference to the Bureau of Prisons interpretation of the statute, and that you should be serving 85% of your sentence, rather than 87.2%.

In accordance with Program Statement 5880.28, Sentence Computation Manual CCCA, 54 days of Good Conduct Time (GCT) may be earned for each full year served on a sentence in excess of one year. GCT is then prorated for any remaining portion of a year. This policy interprets and applies the statutory requirements set forth in Title 18, United States Code 3624(b). Therefore, you must serve one full year before you may be eligible to receive 54 days of Good Conduct Time. Nothing in policy, or in the statute, refers to a percentage of time served on a sentence.

Based on the above information, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received by the Regional Office within 20 calendar days of the date of this response.

_____          _____8/16/04_____
Kunta J. Deboo, Warden                    Date

Attachment 1

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE**: You are advised that prior to receiving and filing a Request for Administrative Remedy Form, you **MUST** attempt to informally resolve the complaint through your Correctional Counselor. Briefly state complaint below and list what efforts you have made to resolve your complaint informally. Also, please state names of staff contacted.

Date Informal Resolution Form Issued by Correctional Counselor: 8.2.04

INMATE'S NAME: Carmen S. Yeagoven   NUMBER: 58400-004   QUARTERS: _____

1. Complaint: See attached

2. Efforts made to informally resolve: _____

Names of Staff contacted: John Mietelski

Inmate's Signature: _____   Inmate's Number 58400-004

**CORRECTIONAL COUNSELOR'S COMMENTS**:

1. Date Returned to Correctional Counselor: _____

2. Efforts made to informally resolve: your last year is pro-rated

3. Names of Staff contacted: _____

Date Informally Resolved: _____   Signature: _____ (Counselor)
   Or
Date Issued: _____

Distribution:  I.  If complaint is informally resolved, forward original to Warden (Attention: EXECUTIVE ASSISTANT)

II. If complaint is NOT informally resolved, forward original attached to Administrative Remedy Form to Warden (Attention: EXECUTIVE ASSISTANT)

ATTACHMENT "A"

8 ½

Pursuant to §3624(b) of 18 U.S.C., "A prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment beginning at the end of the first year of the term . . ." Despite the express intent of Congress to apply good time credits to the "term of imprisonment" imposed by the sentencing judge, the BOP applies good time only to the time actually served. This means that every eligible federal prisoner is imprisoned seven days more per year than Congress intended. Since the BOP has erroneously substituted the words "actual time served" for term of imprisonment," I would like to be credited my additional 7 days per year.

8-4-2004                    Carmen S. Yrigoyen #58400-004