UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARMEN SALIMA YRIGOYEN : | |
| : | PRISONER CASE NO. |
| v. : | 3:05-cv-443 (JCH) |
| : | |
| WILLIAM WILLINGHAM and : | DECEMBER 14, 2005 |
| HARLEY G. LAPPIN[1] : | |

**RULING RE: PETITION FOR WRIT OF HABEAS CORPUS [Dkt. No. 1]**

The petitioner, Carmen Salima Yrigoyen ("Yrigoyen"), is currently confined at the Federal Correctional Institution in Danbury Connecticut. She filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the calculation of good time credit. For the reasons that follow, the petition is denied.

**I.   Procedural Background**

On September 12, 2000, in the United States District Court for the Central District of California, Yrigoyen was convicted of conspiracy to launder monetary instruments, laundering monetary instruments and aiding and abetting the laundering of monetary instruments. She was sentenced to a term of imprisonment of 135 months. Her conviction was affirmed on direct appeal.

Yrigoyen has exhausted her administrative remedies by raising this claim in the institution, with the Regional Office and the Federal Bureau of Prisons.

**II.   Discussion**

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus

---

[1] Petitioner named Kathleen Hawk-Sawyer as the second respondent. She has been replaced in that position by Harley G. Lappin. Pursuant to Rule 25(d), Fed. R. Civ. P., Director Lappin is substituted as respondent in this case.

if the prisoner was in custody under the authority of the United States.  See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  Today, this authority is codified at 28 U.S.C. § 2241(c)(3).  In 1948, however, Congress enacted 28 U.S.C. § 2255.  This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently."  Id.

Currently, "[a] motion pursuant to [section] 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).  A section 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to his conviction and [the imposition of] sentence."  Id. at 146-47.  Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241.  See Triestman, 124 F.3d at 373.

In her section 2241 petition, Yrigoyen challenges the calculation of good time credit, an issue relating to the execution of her sentence.  Thus, the petition properly was filed pursuant to section 2241.

Good time credit is awarded pursuant to 18 U.S.C. §3624(b)(1), which provides:

> [A] prisoner who is serving a term of imprisonment of more
> than one year . . . may receive credit toward the service of
> the prisoner's sentence, beyond the time served, of up to 54

> days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The BOP has interpreted this provision to mean that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20. Yrigoyen argues that, by this interpretation, the BOP has incorrectly credited her with only 47 days good conduct time credit for each year of her sentence. She contends that this calculation requires her to serve more than the 85% of her sentence that Congress intended.

The regulation interpreting section 3624 was adopted through the notice-and-comment procedure. Thus, the regulation is entitled to full deference under Chevron, U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 842 (1984). See Perez-Olivo v. Chavez, 394 F.3d 45, 48 (1st Cir. 2005). See also De La Mota v. United States Dep't of Educ., 412 F.3d 71, 79 (2d Cir. 2005). Under Chevron, when a federal statute has been interpreted by a federal agency charged with implementing that statute, the court must follow a two-prong analysis. First, the court must determine whether Congress' intent is clear from the plain language of the statute. See Chevron, 467 U.S. at 842-43. If the statute is "silent or ambiguous" and, therefore, the court cannot ascertain Congress' intent, the court must defer to the agency's interpretation so long as it is "based on a permissible construction of the statute." Id. at 843.

3

Although the Second Circuit has not yet addressed this issue, every circuit that has addressed it has held that section 3624(b) is ambiguous.  See Perez-Olivo v. Chavez, 394 F.3d 45, 51 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Sample v. Morrison, 406 F.3d 310, 313 (5th Cir. 2005); White v. Scibana, 390 F.3d 997, 1001 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002).[2]

This court agrees.  In section 3624(a), "term of imprisonment" is used to refer to the sentence imposed when Congress states that a prisoner shall be released from prison "on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)."  In section 3624(d), however, Congress uses "term of imprisonment" to refer to time served when it states:  "Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with" items including clothing, money and transportation.  Any argument that "term of imprisonment" referred to the sentence imposed in this section would be illogical.  These items are required when the prisoner is released at the conclusion of her time served.  They would not be useful if provided at the conclusion of the sentence imposed as that might occur months or years after the prisoner is released.

---

[2] Two additional circuits have determined that section 3624(b) is ambiguous in unpublished decisions.  See Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); James v. Outlaw, 126 Fed. Appx. 758 (8th Cir. 2005).

4

Because the statute is ambiguous, the court must move to the second prong of the Chevron test and determine whether the BOP's interpretation is a reasonable interpretation of the statute. If the BOP's interpretation is reasonable, the court must defer to that interpretation. See De La Mota, 412 F.3d at 79 ("Chevron deference, if applicable, is mandatory.").

Every court that has considered this issue has agreed that the BOP's interpretation is reasonable and entitled to deference. See, e.g., Perez-Olivo, 394 F.3d at 54; White, 390 F.3d at 1003. This court agrees with the reasoning of the circuit courts. The statute clearly states that an inmate may receive up to 54 days of good time credit after each year of the term of imprisonment. The reference to this annual determination requires that the award be made at the conclusion of each year served. Once the good conduct time is credited to the inmate, her release date is adjusted. The statute requires that the credit be applied to the portion of the sentence yet to be served. See 18 U.S.C. § 3624(b)(1) ("credit toward the service of the prisoner's sentence, beyond the time served"). Because the inmate will not be incarcerated for entire time to which she has been sentenced, she will not be eligible to earn good time credit for that entire period. She cannot receive good time credit for time she did not serve. The court concludes that the BOP's method of calculation of good time credit is consistent with and a reasonable interpretation of the statute.

## CONCLUSION

The Petition for Writ of Habeas Corpus [**Dkt. No.1**] is **DENIED**. The court determines that no question of substance is presented for appellate review. Thus a

certificate of appealability is denied.

**SO ORDERED.**

      Dated at Bridgeport, Connecticut this 14th day of December, 2005.


                        /s/ Janet C. Hall
                        Janet C. Hall
                        United States District Judge